IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLIE JENNINGS | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-386 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**.

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 17, 2010, claiming entitlement to disability benefits due to the impairments of chronic lower back pain, obesity, a lumbar spondylosis, and depression. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on November 12, 2010. Plaintiff was represented by a non-attorney representative at the proceeding. At the hearing, Plaintiff, medical experts, Drs. Howard McClure, Jr. and Beth A. Maxwell, and a vocational expert, Joyce R. Shoop, testified.

On January 14, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on April 15, 2014.

Therefore, the January 14, 2013 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since September 15, 2008, the alleged onset date (20 CFR 404.1571 *et seq* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic low back pain, obesity, a lumbar spondylosis, and depression (20 CFR §§ 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b).

6. The claimant is unable to perform any past relevant work (20 CFR §§ 404.1565 and 416.965).

7. The claimant was born on April 14, 1964 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR §§ 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41

and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2008, through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. 83-88).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the Fifth step.

## ANALYSIS

Plaintiff contends that the ALJ applied the wrong standard in determining whether Plaintiff's complaint for carpal tunnel syndrome was severe. The ALJ noted the definition of a condition that is non-severe by referencing the Regulations (Tr. 103). However, the ALJ also specifically cited to *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). This would arguably cure any error claimed by Plaintiff.

Further, the ALJ went beyond the step 2 analysis in rendering his decision. A number of cases hold that when the ALJ goes beyond step 2 and considers the individual's age, education, exertional limitations and work experience in arriving at his conclusion, the ALJ is not required to adhere to the *Stone* standard. *See Harrell v. Bowen*, 862 F.2d 471,481 (5th Cir. 1988); *Jones v. Astrue*, 851 F.Supp. 2d 1010 (N.D. Tex. 2012). The burden is still on Plaintiff to demonstrate that carpal tunnel syndrome is a severe impairment that prevents her from doing substantial gainful employment.

In his findings, the ALJ noted that Plaintiff had been diagnosed with right carpal tunnel syndrome. Evaluations revealed some decreased wrist strength and positive Phalen's and Tinel's

signs. However, the medical expert testified that such signs were common in the overall population and that her process was not functionally significant (Tr. 105). Objective findings throughout the record also support the ALJ's conclusion that her CTS was not a severe impairment (Tr. 105, 107-109, 326, 350, 354, 396, 407, 453, 465, 471, 474, 480, 533, 577, 672, 744, 747, 756, 787). Plaintiff listed sewing and playing on the computer as hobbies – all which would suggest her impairment was not as severe as alleged (Tr. 255-56; 292-93).

Plaintiff points to comments noted by Dr. Anderson as to her manipulation skills. However, he was a one-time examiner and his opinion is not entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(c)(5),416.927(c)(5). As noted above, medical evidence after Dr. Anderson's examination suggests otherwise. Substantial evidence supports the ALJ's findings as to non-severity.

In her second point of error, Plaintiff claims that the ALJ disregarded the required function-by-function assessment in determining the RFC and merely asserted that Plaintiff was mentally limited to "unskilled" work activity (Tr. 106-107). Plaintiff claims that her non-exertional limitations were called into question by the one time examiner, Dr Anderson. He noted that Plaintiff may respond poorly to stress and that her speed with her hands was slow (Tr. 418). In essence, Plaintiff claims that not only did the ALJ ignore the findings of Anderson and another consultant Mount, his assertion that Plaintiff was limited to unskilled work was overbroad and ill-defined. It is Plaintiff's position that the failure to conduct a function-by-function assessment was prejudicial.

SSR 96–8p provides that a residual functional capacity (RFC) "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." 1996 WL 374184, *1 (S.S.A.1996). A "regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* at *2. "The RFC

assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id.* at *3. "However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work...." *Id.* RFC involves both exertional and nonexertional factors. Exertional capacity involves seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* at *5. "Each function must be considered separately." *Id.* "In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis...." *Id.* at *7. The RFC assessment must include a resolution of any inconsistencies in the evidence. *Id. Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). Although SSR 96-8 requires consideration of the four work-related mental activities, it does not require the ALJ to formalistically recite and discuss all the possible work-related mental activities in his discussion. *See e.g. Walton v. Astrue*, 2011 WL 195975, at* 9-10 (N.D. Tex. 2011).

In this case, the ALJ went over the four areas for mental evaluation required by SSR 96-8p. The ALJ also specifically referred to the Regulation when limiting Plaintiff to unskilled work (Tr. 53-54; *see also* Tr. 111). The reliance in part on a physician's opinion containing a function-by-function assessment can satisfy SSR 96-8p. *See Onishea v. Barnhart*, 116 F.App'x 1,1 (5th Cir. 2004).

The ALJ is entitled to rely on the functional assessment noted by the state agency examiners. *See Beck v. Barnhart*, 205 Fed. App. 207 (5th Cir. 2006). Dr. Ligon noted each of the factors in his review of the record (Tr. 511). The ALJ took this assessment in to account when questioning the VE (Tr. 70). Dr. McClure, the testifying ME, also noted limitations on Plaintiff which the VE took

7

into account (Tr. 47). These reports and testimony cited in conjunction with the ALJ's own appraisal of Plaintiff's testimony and review of the record are supported by substantial evidence and satisfy the *Myers* standard.

Furthermore, even assuming the ALJ did not satisfy the function-by-function assessment requirement in SSR 96–8p, the Fifth Circuit has held that "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected." *Mays v. Brown,* 837 F.2d 1362, 1364 (5th Cir. 1988). "[R]emand for failure to comply with a ruling is appropriate only when a complainant affirmatively demonstrates ensuant prejudice." *Bornette v. Barnhart*, 466 F. Supp.2d 811, 816 (E.D. Tex. 2006) (emphasis omitted). Errors are considered prejudicial when they "cast doubt onto the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988). Because, as set forth above, substantial evidence supports the ALJ's RFC determination, any error the ALJ committed in failing to follow all the requirements of SSR 96–8p is harmless.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

 **SIGNED this 28th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE